E. MARTIN ESTRADA
United States Attorney
ANNAMARTINE SALICK
Assistant United States Attorney
Chief, National Security Division
SOLOMON KIM (Cal. Bar No. 311466)
Assistant United States Attorney
Terrorism and Export Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2450
    Facsimile: (213) 894-0140
    E-mail:    solomon.kim@usdoj.gov

Attorneys for Applicant
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| In the Matter of the Search of Express Line Corporation, 901 W. Arbor Vitae St, Inglewood, CA, 90301 | No. 22-MJ-03131<br><br>GOVERNMENT'S *EX PARTE* APPLICATION FOR FIRST EXTENSION OF TIME WITHIN WHICH TO RETAIN AND SEARCH DIGITAL DEVICES; DECLARATION OF JAY WEIMER<br><br>**(UNDER SEAL)** |
|---|---|

     The United States of America, by and through its counsel of record, Assistant United States Attorney Solomon Kim, hereby applies for an order extending by 120 days the time within which the government may retain and search the digital devices specified in the application, which were seized pursuant to a federal search warrant.

//

//

//

//

This application is based on the attached declaration of Jay Weimer and the files and records of this case, including the underlying search warrant and affidavit in support thereof.

Dated: December 5, 2022        Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

ANNAMARTINE SALICK
Assistant United States Attorney
Chief, National Security Division

/s/
SOLOMON KIM
Assistant United States Attorney

Attorneys for Applicant
UNITED STATES OF AMERICA

**DECLARATION OF JAY WEIMER**

I, Jay Weimer, hereby declare and state:

1. I am an Assistant United States Attorney assigned to this investigation for United States Attorney's Office for the Northern District of Texas.

2. This declaration is made in support of a request for an order permitting the government to retain and search, pursuant to the terms of the original warrant in this matter, for an additional 120 days, the following digital devices seized pursuant to the warrant described below (the "SUBJECT DIGITAL DEVICES"):

   a. Imaging from Dell Server Model E09S001, Service Tag: CD33G01
   b. Imaging from Dell Server Model E20S, Service Tag: DHN0DZ1
   c. Imaging from Dell Server Model E20S, Service Tag: DHP0DZ1
   d. Imaging from Dell Server Model E30S, Service Tag: JDN90M2
   e. Imaging from Western Digital Hard Drive, Part # WDBYNN0010BBK-0B
   f. Imaging from Dell Server Power Edge T130, Service Tag: B5GMCV2
   g. Imaging from Western Digital Network Storage Device Digital Model: MyCloud EX2
   h. Imaging from External USB Drive, Seagate 5TB, Model: SRD0NF1
   i. Imaging from Desktop, HP Envy, Model TE01-0175XT

    j. Imaging from Black iPhone in Blue Case, Serial: DNPDVMDS0D83

    k. Imaging from Verbatim Flashdrive, 32GB

    l. Imaging from Desk Laptop, Dell Latitude E745D, Service Tag: 91RGN32

    m. Imaging from Laptop, LG Gram Model 14Z980]

    n. Imaging from Desktop, HP Envy Model 750-565se

    o. Imaging from Desktop, HP Envy Model 750-537cb

    p. Imaging from External USB Drive, Toshiba Model DTC 910, 1TB

    q. Imaging from laptop, Lenovo Thinkpad X1 Carbon Clamshell Black

    r. Imaging from Dell Tower PC, D12M Tower, Black

  3. On August 10, 2022, Special Agent David Bolton of the Office of Export Enforcement obtained a federal search warrant issued by the Honorable Steven Kim, United States Magistrate Judge, authorizing the search of Express Line Corporation, 901 W. Arbor Vitae St, Inglewood, CA, 90301 (the "SUBJECT PREMISES").  The warrant, which is incorporated herein by reference, authorized the seizure of digital devices from the SUBJECT PREMISES for a period of 120 days to allow the government to search such devices for evidence of violations of the Export Control Reform Act ("ECRA"), 50 U.S.C. § 4819, the Export Administration Regulations (EAR), 15 C.F.R. Parts 730-774, Title 18 U.S.C. § 371 (Conspiracy to Violate ECRA and the EAR), Title 13 U.S.C. § 305 (Submitting False or Misleading Export Information), and Title 18 U.S.C. § 554 (Smuggling Goods from the United States).

4. On August 17, 2022, federal agents executed the warrant and seized the SUBJECT DIGITAL DEVICES.

5. This is the first request for an extension. The current deadline by which the government must complete its review of the SUBJECT DIGITAL DEVICES is December 15, 2022.

6. Based on information provided to me by agents assigned to this matter, I understand that all digital devices seized during the search warrant have been imaged and the physical devices have been returned to the original owners. The forensic images are in the possession of the respective forensic lab and are awaiting further processing before the agents can review the images of the seized digital devices to determine their evidentiary value.

7. For the following reasons, the government is requesting an additional 120 days to complete its review of the SUBJECT DIGITAL DEVICES:

   a. The forensic review of digital devices is time consuming. Agents cannot simply turn on computers and review their contents because merely turning on a computer and reviewing its contents changes the data on the computer. Specialized computer software is therefore needed to ensure that evidence remains in a pristine and usable condition and is not affected by the review process. The review also must be conducted by agents who have received specialized training to ensure that the review is done thoroughly and in a forensically sound fashion. This process takes substantial time.

   b. The SUBJECT DIGITAL DEVICES contain approximately 30,930 gigabytes of information. Based on my training and experience, I know that one gigabyte could hold the contents of about

3

ten yards of books on a shelf.  One hundred gigabytes could hold an entire library floor of academic journals.

      c.    Furthermore, the computer forensic laboratory responsible for forensically processing the seized digital devices have encountered various technical issues and manpower constraints that delayed the case agents from obtaining access to the material. The forensic images must also be processed/converted into a specialized file format associated with a proprietary software before the agents can begin their review digital evidence. The case agents have consulted with the supporting forensic laboratory and expect to receive access to the digital material to begin their review within the next 14 days.

    Accordingly, the government requests an additional 120 days to retain and search the aforementioned digital material.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: December 5, 2022

                                            /s/ *Jay Weimer*
                                            JAY WEIMER